

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
MAR 28 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GERALD ANDERSON, | CIV 14-5005 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| NORTHLAND RESTAURANT GROUP, LLC, doing business as Hardee's, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff objects to the Report and Recommendation, which recommends dismissal, primarily on the basis that the Magistrate Judge should have applied the test set forth in *Desert Palace v. Costa*, 539 U.S. 90 (2003) as opposed to the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) test for summary judgment in an employment discrimination lawsuit.

Even though it appears that the *Desert Palace* test should be applied in this case, that is not the law in the Eighth Circuit. *Griffith v. City of Des Moines*, 387 F. 3d 733, 739-748 (8th Cir. 2004) (Magnuson, J. in concurring specially criticized the majority's adherence to *McDonnell Douglas* in view of *Desert Palace*). *See also* Judge Colloton concurring but likewise questioning *McDonnell Douglas* application in view of *Desert Palace*. *Torgerson v. City of Rochester*, 643 F. 3d 1030, 1053 (8th Cir. 2011). The Magistrate Judge was correct in applying the *McDonnell Douglas* analysis.

Plaintiff next argues that even with a *de novo* application of *McDonnell Douglas*, summary judgment should not be granted. Plaintiff then urges that the Magistrate erred in finding Dahlenburg's advances were not unwelcome. As is more fully explained in the Report and Recommendation, the Plaintiff's affidavit filed seven months after his deposition is in direct conflict with Plaintiff's deposition testimony. The Affidavit does not clarify the deposition, it contradicts the deposition. The deposition makes it clear that Dahlenburg's advances were not unwelcome and the affidavit should be rejected. *Canfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365

(8th Cir. 1983). Even if the affidavit is considered, Plaintiff fares no better:

> Q: Did you enjoy the relationship you had with her until you broke it off?
> A: At the time? It was okay.

(Doc. 33-1 at p. 24).

Sexual relations were three times a week at Plaintiff's apartment during the 8 week relationship. (Doc. 33-1 at p. 20). The late filed affidavit does not create a question of fact.

Plaintiff also objects as to a failure to consider evidence of causation. "The last element of a quid pro quo sexual harassment claim must be read in the disjunctive to require either that the job benefits were conditioned on submission to the harasser's sexual requests or advances, or that refusal to submit resulted in a tangible job detriment." *Coe v. Northern Pipe Products*, 589 F. Supp. 2d 1055, 1086 (N.D. Iowa 2008). When asked in his deposition about humiliation and embarrassment, Plaintiff answered: "I believe it's embarrassing and humiliating that I was led around by my penis so easily." (Doc. 42-2 at p. 16). Being led around by one's penis certainly does not mean the relationship was unwelcome. In addition, that answer unambiguously shows ardor as causation for the relationship. The record does not show a question of fact that should be submitted to a jury on causation.

Finally, Plaintiff objects to the rejection of Plaintiffs "cat's paw" argument. There is a helpful analysis of the state of "cat's paw" liability in the Eighth Circuit in *Coe v. Northern Pipe Products*, 589 F. Supp. 2d 1055 (N.D. Iowa 2008). There the court stated at 1088:

> Thus, while *Richardson v. Sugg*, 448 F. 3d 1046 (8th Cir. 2006) makes clear that a decision maker's truly independent determination to terminate an employee defeats liability under a "cat's paw" theory, it provides no insight into how much influence a biased subordinate must exercise over the decision maker, so that the decision maker is not truly independent, to impose "cat's paw" liability on the employer.

The Defendant never directly addressed "cat's paw" theory other than arguing the facts that do establish a legitimate, non-discriminatory reason for the decision to terminate Plaintiff's employment, with Plaintiff not having met his burden of showing pretext.

2

*Coe* suggests that *Kramer v. Logan County Sch. Dist. No. R-1*, 157 F. 3d 620, 624 (8th Cir. 1998) and *Lacks v. Ferguson Reorganized Sch. Dist. No. R-2*, 147 F. 3d 718 (8th Cir. 1998) bracket the situations where cat's paw liability may apply. In *Lacks* the plaintiff presented no evidence that the decision maker deferred to the opinion or judgment of the allegedly biased subordinates in making its determination and neither of the allegedly biased subordinates expressly recommended that the decision maker terminate the plaintiff, so the "cat's paw" claim was dismissed.

By comparison, *Kramer* at 624 affirmed a jury determination of the question of whether the school board accurately assessed Kramer's situation or performed a perfunctory review and "rubber stamped" the recommendation to non-renew. The "cat's paw" claim prevailed. As the court in *Coe* observed, there is a lot of room between *Kramer* and *Lacks*.

There is no showing here, as in *Lacks*, that the decision maker deferred to the opinion or judgment of Ms. Dahlenburg, the jilted lover. Instead, here the arguments in support of a jury question being presented for "cat's paw" liability rely far too much on speculation rather than presenting facts for a jury question.

IT IS ORDERED:

1. That the Report and Recommendation, Doc. 48, is adopted with these additional comments and Plaintiff's Objections, Doc. 52, to the Report and Recommendation are denied.

2. That the Defendant's Motion for Summary Judgment, Doc. 29, is granted and the claims are dismissed with prejudice.

Dated this 28th day of March, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____, Deputy

3